MICHIGAN FARM BUREAU v BUREAU OF WORKMEN'S
COMPENSATION

1. Workmen's Compensation—Total Disability—Minimum Compensation—Adjustment—Statutes.

Minimum compensation rates for total disability established by the Workmen's Compensation Act of 1969 are adjustable once each year in accordance with the increase or decrease in average weekly wage in covered employment as determined by the Michigan Employment Security Commission (MCLA 418.351, 418.355; MSA 17.237[351], 17.237[355]).

2. Workmen's Compensation—Rules—Jurisdiction—Circuit Courts—Statutes.

Subject-matter jurisdiction to determine the application and validity of Bureau of Workmen's Compensation rules is in the circuit court (MCLA 24.264; MSA 3.560[164]).

3. Workmen's Compensation—Rules—Minimum Rates—Jurisdiction—Circuit Courts—Administrative Procedures Act—Statutes.

A letter from the Bureau of Workmen's Compensation stating new retroactive minimum compensation rates for death and total disability benefits are statements of policy extending the bureau's power to set new rates in a new area; such statements constitute rules which are subject to circuit court jurisdiction under the Administrative Procedures Act (MCLA 24.264; MSA 3.560[164]).

4. Workmen's Compensation—Rules—Circuit Courts—Rate Changes—Failure to Act—Statutes.

An action may be commenced in circuit court where a plaintiff's request for a declaratory ruling has been denied by the Workmen's Compensation Bureau or the bureau has failed to act upon the request expeditiously (MCLA 24.264; MSA 3.560[164]).

References for Points in Headnotes
[1, 3, 6] 82 Am Jur 2d, Workmen's Compensation §§ 368, 369.
[2, 3, 5, 6] 20 Am Jur 2d, Courts §§ 88, 95, 105.
  82 Am Jur 2d, Workmen's Compensation § 471.
[4, 5] 82 Am Jur 2d, Workmen's Compensation § 613 *et seq.*

5. Workmen's Compensation—Contested Cases—Rules—Statutes.

The Bureau of Workmen's Compensation is the tribunal with the expertise and experience to untangle factual disputes in contested cases while the circuit court is entrusted with adjudicating the validity of bureau rules under the Administrative Procedures Act (MCLA 24.207, 24.264; MSA 3.560[107], 3.560[164]).

6. Workmen's Compensation—Rate Fixing—Public Service Commission—Rules—Judicial Review—Statutes.

Rules or orders of an administrative agency establishing or fixing rates or tariffs are exempted from the dictates of the Administrative Procedures Act rulemaking; the exception does not apply to new statements of policy or application of the Workmen's Compensation Act in an unprecedented fashion by setting new rates for death and total disability benefits because such rate changes result in rules and rulemaking which are subject to judicial review in the circuit courts (MCLA 24.207; MSA 3.560[107]).

Appeal from Ingham, James T. Kallman, J. Submitted February 8, 1977, at Lansing. (Docket No. 26771.) Decided May 3, 1977. Leave to appeal applied for.

Complaint by Michigan Farm Bureau, Farm Bureau Mutual Insurance Company of Michigan and Underwriters Adjusting Company against the Bureau of Workmen's Compensation, Michigan Department of Labor and Director of the Bureau of Workmen's Compensation for a judgment declaring invalid certain rulings by the bureau. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Miller, Canfield, Paddock & Stone* (by *Gregory L. Curtner*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendants.

Before: QUINN, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Ingham County Circuit Court granted the defendants' motion for accelerated judgment for lack of subject matter jurisdiction, and plaintiffs appeal.

In August of 1973, this Court decided in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), *lv den,* 391 Mich 780 (1974), that the minimum compensation rates for total disability established by § 351 of the Workmen's Compensation Act of 1969 (WCA), MCLA 418.351; MSA 17.237(351), were adjustable according to the provisions of WCA § 355; MCLA 418.355; MSA 17.237(355). On April 4, 1974, the Bureau of Workmen's Compensation (Bureau) distributed a letter signed by the Bureau director to all self-insured employers and compensation insurance carriers in Michigan. The letter referred to *Jolliff, supra,* and stated new retroactive minimum compensation rates for total disability and death benefits. After the Supreme Court denied a rehearing in the *Jolliff* case on June 27, 1974, the Bureau sent to the same persons a second letter which basically repeated the message contained in the first, and repeated the new rate schedule. A third letter was sent on December 27, 1974.

In October, 1974, the plaintiffs asked the Bureau director to make several declaratory rulings that would limit the application of the *Jolliff* case. The director responded that a rulemaking procedure would be more appropriate and indicated that rule promulgation proceedings would soon begin. The director subsequently refused to issue any declaratory rulings, and explained that compensation disputes had to be submitted to the Bureau under MCLA 418.841; MSA 17.237(841).

In January, 1975, plaintiffs brought this action in Ingham County Circuit Court to challenge the validity of the Bureau's proposed interpretation of *Jolliff.* Plaintiffs asserted that the Bureau director's letters constituted the announcement of agency rules within § 7 of the Administrative Procedures Act of 1969 (APA), 1969 PA 306; MCLA 24.207; MSA 3.560(107), and that APA § 64; MCLA 24.264; MSA 3.560(164) provided the circuit court subject-matter jurisdiction to determine the validity of the rules. The circuit court held that the Bureau's announced policies did not constitute rules under the APA and dismissed the action for lack of jurisdiction. Discussion of the plaintiffs' other asserted grounds for circuit court jurisdiction is unnecessary, for we disagree with the circuit court's construction of the WCA and the APA and reverse.

If the Bureau's letters constitute "rules" under the APA, the circuit court has authority to determine their validity under § 64 of the APA; MCLA 24.264; MSA 3.560(164). This section provides:

"Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The action shall be filed in the circuit court of the county where the plaintiff resides or has his principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously. This section shall not be con-

strued to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted."[1]

We do not agree with defendants' claim that WCA § 841; MCLA 418.841; MSA 17.237(841) vests exclusive jurisdiction in the Bureau to determine the validity of rules promulgated by the Bureau director, thereby making a challenge under the APA unavailable. WCA § 841 provides:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."

This section must be read in conjunction with WCA § 205; MCLA 418.205; MSA 17.237(205), which vests the Bureau director with the power to "make rules not inconsistent with this act [WCA] for carrying out the provisions of the act in accordance with [the Administrative Procedures Act]".[2] The legislative scheme allows the Bureau to proceed by either of two avenues: (1) the Bureau may promulgate broad, across-the-board rules which construe the WCA, in which case it subjects itself to the safeguards of the APA; or, (2) it may choose to proceed through adjudication of individual disputes, in which case the APA does not apply, and the Bureau may forge its own procedures. Either

---

[1] As noted before, the plaintiffs' request for a declaratory ruling had been denied by the Workmen's Compensation Bureau before they brought the circuit court action.

[2] MCLA 418.205 refers to the former version of the APA, 1952 PA 197; formerly MCLA 24.101 to MCLA 24.110, but MCLA 24.312; MSA 3.560(212) provides that references to 1952 PA 197 are deemed to be references to the new APA.

method complies with the legislative purpose to confer upon the Bureau primary jurisdiction over questions arising under the APA.

This construction is consistent with § 315 of the APA; MCLA 24.315; MSA 3.560(215), which expressly exempts the Bureau from the requirements of chapters 4 and 6 of the APA, those chapters which control procedure and judicial review in contested cases. Had the Legislature intended to exempt the Bureau from circuit court review under APA § 264, MCLA 24.264; MSA 3.560(164), it would have expressly so stated.

Our decision is not adverse to those cases which have expansively construed the Bureau's exclusive jurisdiction in contested cases. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976), *St Paul Fire & Marine Insurance Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975). Those cases properly emphasize that a litigant may not evade the legislative judgment that all questions arising under the WCA shall be determined by the Bureau. MCLA 418.841; MSA 17.237(841). We agree that the tribunal with expertise and experience should be entrusted to untangle factual disputes and apply its statutory charter. We are equally convinced that the circuit court is capable of adjudicating the validity of the Bureau's rules under the APA. Circuit court jurisdiction under MCLA 24.264; MSA 3.560(164) may not be exclusive, but where the Bureau has declared a rule and already declined an opportunity to issue a declaratory ruling on that rule's application or validity, circuit court jurisdiction obtains.

The defendants argue in the alternative that the director's letters were merely announcements of "rates" under WCA § 355; MCLA 418.355; MSA 17.237(355). As rates, they could not constitute

rules by virtue of APA § 7; MCLA 24.207; MSA 3.560(107), which provides:

" 'Rule' means an agency regulation, statement, standard, policy, ruling or instruction of general applicability, which implements or applies law enforced or administered by the agency, or which prescribes the organization, procedure or practice of the agency, including the amendment, suspension or rescission thereof, but does not include the following:

\* \* \*

"(c) A rule or order establishing or fixing rates or tariffs."

While mere annual announcements of the change in compensation rates under WCA § 355 might not constitute rules, since the adjustments are mandated by statute and entail no exercise of judgment, the director's announcements at issue in this case are new statements of policy which apply the WCA in an unprecedented fashion. The letters would apply the *Jolliff* holding retroactively, and extend its application to death benefits as well as to benefits for total incapacity. As express statements of the agency's intended interpretation of the WCA, the letters constitute rules unless they fall within one of the several express exceptions in APA § 7.

We are convinced that the "rates and tariffs" exception was intended to exempt only the rate fixing operations of the Public Service Commission from the dictates of APA rulemaking. Moreover, as noted above, the substance of the letters goes far beyond determination of rates under the WCA; the letters declare the Bureau's *power* to set rates in a new area.

The circuit court has jurisdiction to determine the validity of these rules. We accordingly reverse and remand for proceedings consistent with this opinion. No costs.